**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4316**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DWAYNE LAMONT SOLOMON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-02-348)

Submitted: December 31, 2003          Decided: August 3, 2004

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, Charlotte, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dwayne Lamont Solomon appeals his conviction and 396 month sentence entered pursuant to his guilty plea to possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1)-(b)(1)(B) (2000), possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000), and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2000). On appeal, Solomon's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), and Solomon has filed a pro se brief as well.

First, Solomon, through counsel, asserts he was not competent to enter a guilty plea. We review this claim for plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993). This claim is meritless. The record reveals no grounds for Solomon to challenge his competence. Dusky v. United States, 362 U.S. 402, 462 (1960); United States v. General, 278 F.3d 389, 395-96 (4th Cir. 2002).

Second, Solomon, pro se, raises several challenges to the voluntariness of his plea agreement. We review these claims for plain error. General, 278 F.3d at 393. Solomon's plea colloquy and his statements at the plea colloquy reveal these claims are meritless. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

Third, Solomon, pro se, claims that the Government failed to comply with 21 U.S.C. § 851 (2000), and that he was deprived of his right to allocution. The record reveals that these claims are meritless.

Fourth, Solomon, pro se, asserts his counsel was ineffective. These claims are waived, <u>United States v. Willis</u>, 992 F.2d 489, 490 (4th Cir. 1003), and sound in habeas. <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999); <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997).

Accordingly, we affirm Solomon's convictions and sentences. In accordance with <u>Anders</u>, we have reviewed the entire record in this case and find no other meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>